Alfredo M. RODRIGUEZ,
Plaintiff-Appellant,

v.

SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY, a corporation,
Defendant-Appellee.

No. 76–1488.

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1978.

As Ammended on Denial of
Rehearing Dec. 18, 1978.

Glenn D. Ramirez, Klamath Falls, Or., for plaintiff-appellant.

James H. Clarke, Kenneth E. Jernstedt, Laurence F. Jansen, of Dezendorf, Spears, Lubersky & Campbell, Portland, Or., for defendant-appellee.

Before WRIGHT and ANDERSON, Circuit Judges, and SHARP,* District Judge.

PER CURIAM:

Rodriguez sued his employer alleging discriminatory denial of a promotion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Supp. V 1975). The district court dismissed the action for lack of jurisdiction due to Rodriguez's failure to file his discrimination charge within 180 days of the alleged discriminatory act. The court subsequently denied Rodriguez's motion to set aside the judgment of dismissal. Rodriguez appeals from both orders. We affirm.

* Of the Western District of Washington.

Rodriguez failed to file his notice of appeal within 30 days of the entry of the underlying judgment of dismissal. Therefore, this court lacks jurisdiction to review it. Fed.R.App.P. 4(a); *Alexander v. Sacha*, 439 F.2d 742 (9th Cir. 1971).

Rodriguez moved to set aside the judgment on the ground that the district court committed a "manifest error in the interpretation of the jurisdictional statute," 42 U.S.C. § 2000e–5(e) (Supp. V 1975).[1] This motion was not timely filed as a motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, and it must be treated as a motion for relief from judgment under Rule 60(b).[2] The district court's denial of a Rule 60(b) motion must be affirmed unless the court abused its discretion in ruling that sufficient grounds for setting aside the judgment were not shown. *United States v. Russell*, 578 F.2d 806, 807 (9th Cir. 1978).

In his motion to set aside the judgment, Rodriguez argued that § 2000e–5(e) permitted him to file his charge within 300 days after the discriminatory act because Oregon is a "deferral state" with state remedies for employment discrimination.[3] Southern Pacific argued that Rodriguez had 300 days in which to file his charge with the EEOC, but only if it had been filed with a state agency within 180 days. Rodriguez's position was supported by an EEOC regulation, 28 C.F.R. § 1601.12(b)(1)(v) (1975), and a district court decision, *Ortega v. Construction and General Laborer's Union No. 390*, 396 F.Supp. 976 (D.Conn.1975).

However, in *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228, 1231–33 (8th Cir. 1975), the only circuit court to address the issue had carefully explored the legislative history and policy of the statute and had adopted the position urged in this case by Southern Pacific. *Accord, Wiltshire v. Standard Oil Co. of California*, 447 F.Supp. 756 (N.D. Cal.1978). The district court concluded that the Eighth Circuit had stated the better view in *Olson* and that there was no reason to set aside judgment of dismissal. Because the district court's interpretation of the statutory jurisdictional requirements had substantial support at the time of the denial of the motion, we cannot say that it abused its discretion in declining to set aside its judgment of dismissal.[4]

Rodriquez also contends that his charge was filed within 180 days of a discriminatory demotion or of a continuing discriminatory act. These arguments were not presented to the district court on the motion to set aside the judgment, and they are substantively without merit.

AFFIRMED.

---

**1.** Section 2000e–5(e) provides in part:

"A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed . . . within three hundred days after the alleged unlawful employment practice."

**2.** It is not clear whether relief can ever be granted under Rule 60(b) on grounds of judicial error of law; the circuits have split on this issue. However, it is unnecessary to decide this question because, even assuming that Rodriguez alleged proper grounds for relief, the district court properly denied relief on the merits.

**3.** *See Pacific Maritime Ass'n v. Quinn*, 465 F.2d 108 (9th Cir. 1972).

**4.** In *Doski v. Goldseker Co.*, 539 F.2d 1326 (4th Cir. 1976), the Fourth Circuit rejected the position adopted by the Eighth Circuit in *Olson*. However, *Doski* was not decided until after the district court denied Rodgriques's motion to set aside the judgment, and it cannot be cited as a ground for holding that the district court abused its discretion in denying the motion to set aside.