949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
HAWAIIAN ART CORP, dba Maui Loa Products, fka Hawaii Art
Corp; Samuel H. Price, aka Kamuela Price; Nui
Loa Price, Dr., aka Maui Loa, Maui Loa
Price, Defendants-Appellants.
 No. 90-16381.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.
Decided Dec. 5, 1991.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are met at the outset with a question of subject matter jurisdiction, which we must consider on our own motion. See Solano v. Beilby, 761 F.2d 1369, 1370 (9th Cir.1985). The order appealed from is a Statement and Confession of Judgment entered in its entirety as a judgment by the district court. The district court failed to enter a separate document embodying that judgment as required by Rule 58 of the Federal Rules of Civil Procedure.
 
 
 3
 Rule 58 is not a categorical imperative and the parties may waive its separate document requirement. Bankers Trust Co. v. Mallis, 435 U.S. 381, 384 (1977). We recognize waiver when the parties are not prejudiced by the lack of a separate document. E.g., Harris v. McCarthy, 790 F.2d 753, 756-57 (9th Cir.1986). The government here is willing to waive any jurisdictional argument, and both parties admit that no prejudice will result. Accordingly, our prior cases do not preclude jurisdiction here.
 
 
 4
 Hawaiian Art Corporation filed a motion for new trial, which the district court treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Again, the Rule 59 motion should have been preceded by separate entry of a judgment in compliance with Rule 58. But because the parties have treated the confessed judgment as final, we find that the motion effectively tolled the time for appeal despite its premature filing. Accordingly, Hawaiian Art's notice of appeal was timely, and we have jurisdiction. See Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc., 674 F.2d 1252, 1258-60 (9th Cir.1982); Fed.R.App.P. 4(a)(4).
 
 
 5
 On the merits, we conclude that the district court properly approved and filed the Statement and Confession of Judgment. Notwithstanding claims by Hawaiian Art, authority exists for confessions of judgment in federal district courts. See Bowles v. J.J. Schmitt & Co., 170 F.2d 617, 620-21 (2d Cir.1948); Strick-Lease, Inc. v. Markeel Leasing Corp., 103 F.R.D. 382, 384-85 (E.D.Pa.1984).
 
 
 6
 Hawaiian Art's due process arguments also are without merit. Whatever may be the potential dangers in judgments entered on the strength of a cognovit note, see D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 188 (1972), they do not inhere in the situation before us. This is not a case where the defendants agreed in their original obligation to a confession of judgment to be entered ex parte. See id. at 183-87 (upholding cognovit judgment where defendant had not been served and had no opportunity for hearing). The government here sued on its original note, and the defendants answered with the aid of counsel. The confession of judgment came as one provision of a settlement of fully-joined litigation.
 
 
 7
 Nor are any other deficiencies mentioned in Overmyer's dicta present here. See id. at 188. There is no lack of consideration; the government's forbearance in not pursuing its claim to immediate judgment suffices. The company had counsel when it entered the first Stipulation for Repayment, and has failed to specify why it did not obtain counsel before executing the Statement and Confession of Judgment. Finally, Hawaiian Art misses the mark by arguing that it had no avenue for presenting any valid defenses. Hawaiian Art's filing of its motion for new trial illustrates the existence of a procedure.
 
 
 8
 With respect to that motion, we agree with the district court that it was to be treated as a motion to alter or amend judgment under Rule 59(e). We also conclude that the district court did not abuse its discretion in denying it.
 
 
 9
 Hawaiian Art failed to demonstrate sufficient grounds to set aside the judgment. See Rodriguez v. Southern Pac. Transp. Co., 587 F.2d 980, 981 (9th Cir.1978). Hawaiian Art made no showing that it had complied fully with the requirements of the settlement agreement, or with subsequently agreed schedules of repayment. Consideration supported the confession of judgment, and the government never waived its rights under the promissory note. The government was entitled to judgment once Hawaiian Art defaulted on its interim agreements.[1] Accordingly, the district court properly denied Hawaiian Art's motion. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as
 
 
 [1]
 We do not reach the argument concerning competency of the evidence because Hawaiian Art failed to raise it below. See Singleton v. Wulff, 428 U.S. 106, 120 (1976)