956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Allen ROBLES, Plaintiff-Appellant,
v.
Warden VIGIL; Mary Santin, Defendants-Appellees.
 No. 90-16619.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided March 2, 1992.
 
 1
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Joe Robles (Robles) appeals the dismissal of his in forma pauperis civil rights action without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure. We affirm.
 
 STATEMENT OF CASE
 
 4
 Robles, a state prisoner, filed an in forma pauperis civil rights action in the district court on June 22, 1990. Part of the complaint seems to be an attack on Robles' conviction:
 
 
 5
 Joe Allen Robles is the victim of the system, the court error in conclusion that lies certain hearsay lie statement of prisoners only, No one see J.A. Robles kill no one. The court send him up; the state no-good witness lie to get out of jail; unfair prejudice the poor evidence was hearsay.
 
 
 6
 The remainder of the complaint seems to refer to the conditions of Robles' confinement:
 
 
 7
 Stop violates my right Fourth Amendment. For 13 years being violation strip search no-contraband found; police lock up death lock-up J.J.A. Robles in isolation from 3-24-1990. 12:30 p.m. c.s.o. B.hlerrick # 4131. And Lt she Ja Austin act unidentified group of polices act bad behavior and disrespectful & insubordinate 3/11/90, 1920 time hours aggravated harassment.
 
 
 8
 Racial discrimination: 21.35 False arrest suit; Horrible fabrication the prison an they have # 41 cell 2-men cells lockup for nothing; cold shower, urinalysis test 90110597. Police writ me up for nothing violation III No. 12 Not taking a urinalysis in front of another men, God said no sex; Exodus 21.14 you shall not commit adultery; review programs for death lock-ups stop sending us up, compensate harm injury punitive $3,000,000;
 
 
 9
 On July 3, 1990, the district court ordered that the complaint be served on the defendant at government expense. In a separate order issued the same day, the district court dismissed the complaint with leave to amend pursuant to Rule 8(a). Robles did not amend, and on August 9, 1990 the district court entered judgment dismissing the complaint without prejudice. Robles filed a 59(e) motion to vacate the judgment on September 17, 1990. The district court denied this motion by order dated September 20, 1990. Robles filed his notice of appeal on October 3, 1990.
 
 STANDARD OF REVIEW
 
 10
 The denial of a 60(b) motion is reviewed for abuse of discretion. Rodriguez v. Southern Pac. Trans. Co., 587 F.2d 980, 981 (9th Cir.1978).
 
 DISCUSSION
 
 11
 The 30-day time limit for filing an appeal is mandatory and jurisdictional. Fed.R.App.P. 4(a); Browder v. Department of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). The 30-day limit may be tolled by a timely motion under Rule 59 of the Federal Rules of Civil Procedure. Id. A motion to vacate the judgment pursuant to 59(e) must be served not later than 10 days of the entry of judgment. Fed.R.Civ.P. 59(e). Robles' motion to vacate the judgment was filed more than a month after the district court entered judgment, and hence was untimely under Rule 59(e). Because the 59(e) motion was untimely, it did not toll the 30-day period for filing an appeal. Browder, 434 U.S. at 264-65, 98 S.Ct. at 561. Therefore we do not have jurisdiction to review the judgment entered August 9, 1990.[1]
 
 
 12
 This court can treat an untimely 59(e) motion as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986); Rodriguez, 587 F.2d at 981. Rule 60(b) allows the court to relieve a party from a judgment for mistake, newly discovered evidence, fraud, or any other reason justifying relief. Fed.R.Civ.P. 60(b). "The district court's denial of a Rule 60(b) motion must be affirmed unless the court abused its discretion in ruling that sufficient grounds for setting aside the judgment were not shown." Rodriguez, 587 F.2d at 981. Robles' motion to vacate the judgment advanced no reasons why the judgment of dismissal without prejudice should be set aside. Moreover, even then he made no attempt to make corrections to his virtually unintelligible complaint. There was little reason to think that he could do so. The district judge did not abuse his discretion when he denied the motion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the judgment of August 9, 1990 dismissed the complaint rather than the action, that judgment was a final, appealable order because it appears that the district court intended to dispose of the action. See Gerritsen v. De La Madrid Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987)