991 F.2d 804
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sammy WILLIAMS, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 92-56191.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sammy Williams, a California state prisoner, appeals pro se the denial of his motion for reconsideration of the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. The district court dismissed the petition for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 2253. We affirm.
 
 
 3
 A motion for reconsideration that is not timely under Fed.R.Civ.P. 59(e) may be treated as a motion for relief from the judgment under Fed.R.Civ.P. 60(b). Gould v. Mutual Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir.1986), cert. denied, 479 U.S. 987; Rodriguez v. Southern Pac. Transp. Co., 587 F.2d 980, 981 (9th Cir.1978). A motion made under rule 60(b) may be used to challenge the denial of a habeas corpus petition, and timely appeal may be taken from the denial of the motion. See Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 263, n. 7 (1978). However, the denial of a rule 60(b) motion is reviewed only for an abuse of discretion, and must be affirmed unless the district court erred in ruling that sufficient grounds for setting aside the judgment were not shown. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989); Browder, 434 U.S. at 263 n. 7; Rodriguez, 587 F.2d at 981.
 
 
 4
 Williams filed his motion for reconsideration on January 3, 1992, more than ten days after judgment was entered on December 16, 1991. Therefore, we construe his motion as a motion for relief from judgment under Fed.R.Civ.P. 60(b). See Rodriguez, 587 F.2d at 981. Williams filed his notice of appeal on January 22, 1992, more than thirty days after the judgment dismissing his habeas petition was entered. His appeal of the underlying judgment is therefore not timely. See Fed.R.App.P. 4(a). His appeal of the denial of his rule 60(b) motion is timely, however, and we review that denial for an abuse of discretion. See id.; Molloy, 878 F.2d at 315.
 
 
 5
 The district court dismissed Williams' habeas petition for failure to exhaust state remedies. A petitioner has not satisfied the exhaustion requirement unless he has fairly presented his claims to the highest state court. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). A claim is fairly presented if the petitioner has described the operative facts and legal theory on which the claim is based. Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). The district court must dismiss a habeas petition that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 6
 Williams raised three contentions in his appeal to the California Court of Appeal, and only a single contention in his appeal to the California Supreme Court.[1] That contention alone has been exhausted. See Middleton, 768 F.2d at 1086. The remainder of the claims in Williams' petition for habeas corpus have not been exhausted. Accordingly, the district court did not abuse its discretion by dismissing the petition. See Rose, 455 U.S. at 522.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellee's motion to submit the case without oral argument is moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williams made two pro se attempts to supplement the briefs submitted by his counsel to the California Court of Appeal and the California Supreme Court. These supplemental materials raised all of the issues contained in his habeas petition. However, the supplements were submitted after the filing deadline in both Courts. The Court of Appeal denied Williams' motion to file a supplemental brief, and the California Supreme Court marked his supplemental papers "received" rather than "filed." Under these circumstances, we find that the supplemental materials do not satisfy the exhaustion requirement