2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy Donald BEGAYE, Petitioner-Appellant,
v.
Charles RYAN, Warden, Respondent-Appellee.
 No. 92-16313.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Donald Begaye, an Arizona state prisoner, appeals pro se the denial of his motion for reconsideration of the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus. The district court determined that Begaye had procedurally defaulted his claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and affirm.
 
 
 3
 A motion for reconsideration that is not timely under Fed.R.Civ.P. 59(e) may be treated as a motion for relief from the judgment under Fed.R.Civ.P. 60(b). Gould v. Mutual Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir.1986), cert. denied, 479 U.S. 987; Rodriguez v. Southern Pac. Transp. Co., 587 F.2d 980, 981 (9th Cir.1978). A motion under rule 60(b) may be used to challenge the denial of a habeas corpus petition, and timely appeal may be taken from the denial of the motion. See Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 263 n. 7 (1978). However, the denial of a rule 60(b) motion is reviewed only for an abuse of discretion, and must be affirmed unless the district court erred in ruling that sufficient grounds for setting aside the judgment were not shown. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989); Browder, 434 U.S. at 263 n. 7.
 
 
 4
 Begaye filed his motion for reconsideration on June 1, 1992, more than ten days after judgment was entered on April 14, 1992. Therefore, we construe his motion as a motion for relief from judgment under Fed.R.Civ.P. 60(b). See Rodriguez, 587 F.2d at 981. Begaye filed his notice of appeal on July 6, 1992, more than thirty days after the judgment dismissing his habeas petition was entered. His appeal of the underlying judgment is therefore not timely. See Fed.R.App.P. 4(a). His appeal of the denial of his rule 60(b) motion is timely, however, and we review that denial for an abuse of discretion. See Molloy, 878 F.2d at 315.
 
 
 5
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986); McQuown, 795 F.2d at 809. However, the petition should not be dismissed for failure to exhaust if the petitioner has no state remedies available when the federal petition is filed. Engle v. Isaac, 456 U.S. 107, 125-26 n. 28 (1982). A petitioner who has failed to timely pursue available state remedies must show cause for the procedural default and prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984).
 
 
 6
 Begaye has not presented any of the claims raised in his federal habeas corpus petition to the Arizona Supreme Court. Accordingly, none of these claims has been exhausted. Hughes, 800 F.2d at 906; McQuown, 795 F.2d at 809. Because Begaye has already filed two Rule 32 petitions for post-conviction relief, he no longer has any state remedies available. See Ariz.R.Crim.P. 32.2; State v. Bonnell, 831 P.2d 434, 436-37 (Ariz.Ct.App.1992) (claims not raised in first Rule 32 petition are waived unless based on newly discovered facts or change in applicable law).
 
 
 7
 Begaye alleges that his procedural default is due to his counsel's errors; however, ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Because Begaye has not shown cause for failing to raise his claims on direct appeal or in his first Rule 32 petition, we find that he has procedurally defaulted. Accordingly, the district court did not abuse its discretion by dismissing the petition.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Begaye's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3