5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose L. Admiral ROSSELL, Petitioner-Appellant,
v.
James P. McFADDEN, Respondent-Appellee.
 No. 93-15291.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose L. Admiral Rossell, an Arizona state prisoner, appeals pro se the denial of his motion for reconsideration of the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We affirm.
 
 
 3
 A motion for reconsideration that is not timely under Fed.R.Civ.P. 59(e) may be treated as a motion for relief from the judgment under Fed.R.Civ.P. 60(b). Gould v. Mutual Life Ins. Co., of N.Y., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986); Rodriguez v. Southern Pac. Transp. Co., 587 F.2d 980, 981 (9th Cir.1978). A motion made under Fed.R.Civ.P. 60(b) may be used to challenge the denial of a habeas corpus petition, and timely appeal may be taken from the denial of the motion. See Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 263 n. 7 (1978). However, an appeal from a denial of a Fed.R.Civ.P. 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989); Browder, 434 U.S. at 263 n. 7. The denial of a Fed.R.Civ.P. 60(b) motion is reviewed for an abuse of discretion, and must be affirmed unless the district court erred in ruling that sufficient grounds for setting aside the judgment were not shown. Browder, 434 U.S. at 263 n. 7; Rodriguez, 587 F.2d at 981.
 
 
 4
 Rossell filed his motion for reconsideration on 20 October 1992, more than ten days after judgment was entered on 29 September 1992. Therefore, we construe his motion as a motion for relief from judgment under Fed.R.Civ.P. 60(b). See Rodriguez, 587 F.2d at 981. Rossell filed his notice of appeal on 21 January 1993, more than thirty days after the judgment dismissing his petition was entered. Therefore, Rossell's appeal of the underlying judgment is not timely. See Fed.R.App.P. 4(a). However, Rossell's appeal is timely as to the denial of his motion for reconsideration, and we review that denial for an abuse of discretion. See id.; Molloy, 878 F.2d at 315.
 
 
 5
 In his section 2254 petition, Rossell alleged five grounds for relief: (1) that his counsel was not provided with a copy of the information charging him with first degree burglary, armed robbery, and aggravated assault; (2) that the trial court erred by refusing to continue the preliminary hearing; (3) that the trial court prevented his counsel from rendering effective assistance by refusing to continue the preliminary hearing; (4) that the trial court erred by permitting a police officer to testify and identify Rossell during the preliminary hearing; and (5) that his counsel both at the preliminary hearing and at trial rendered him constitutionally inadequate assistance.
 
 
 6
 The district court found that Rossell had procedurally defaulted on his first four grounds for relief and part of his fifth ground for relief and that the remaining portion of his fifth ground for relief was meritless. Finding that Rossell had failed to present any persuasive evidence indicating that the district court made a manifest error of law or fact, the district court denied Rossell's motion for reconsideration.[1]
 
 Procedural Default
 
 7
 A claim is procedurally defaulted for federal habeas purposes if the last state court rendering a judgment in the case relies on state procedural grounds to deny relief; that decision must "clearly and expressly state[ ] that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989); Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992). If the intermediate appellate state court judgment rests on a procedural default and the state supreme court denies review without explanation, the federal court will consider the claim procedurally defaulted. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991); Thomas, 979 F.2d at 749. When a state procedural rule bars litigation of a claim in state court, federal habeas review is available only if the petitioner cas show cause and prejudice for his procedural default. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Thomas, 979 F.2d at 749.
 
 
 8
 In Arizona, a criminal defendant is not entitled to post-conviction relief if a ground for relief was not raised at trial, on appeal, or in previous collateral proceedings. Ariz.R.Crim.P. 32. Rossell did not present his first four grounds and part of his fifth ground for relief on direct appeal or in his first Rule 32 petition; therefore, he has procedurally defaulted on these claims. See Ylst, 111 S.Ct. at 2594; Harris, 489 U.S. at 263.
 
 
 9
 In his section 2254 petition, Rossell alleged that his failure to raise these grounds was due to ineffective assistance of appellate counsel. A claim of ineffective assistance of counsel must first be separately exhausted in state court before it can serve as cause for the procedural default of another claim. Murray v. Carrier, 477 U.S. 478, 488-89 (1986). In his motion for reconsideration and on appeal to this court, Rossell attempts to show cause by alleging ignorance of the law and unfamiliarity with the English language. However, illiteracy and ignorance of the law on the part of a pro se petitioner does not establish cause. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). Thus, Rossell has failed to show cause for his procedural default on these claims. Therefore, federal habeas review of these claims is unavailable to Rossell. See Coleman, 111 S.Ct. 2565; Thomas, 979 F.2d 749.
 
 Ineffective Assistance of Counsel Claims
 
 10
 Rossell claims that his counsel[2] rendered him ineffective assistance because his counsel: (1) did not move to exclude the testimony of the victim; (2) failed to interview certain police officers; (3) failed to move to exclude an in-court identification; (4) failed to move to exclude the preliminary hearing testimony of the complaining witness at trial; and (5) failed to proffer exculpatory evidence. The district court found that Rossell had failed to show that his attorneys' behavior fell below an objective standard of reasonableness.
 
 
 11
 To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's actions were deficient and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687-90 (1984); Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir.1992). To demonstrate counsel's deficiency, the petitioner must show that counsel's actions were "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690; Hendricks, 974 F.2d at 1109. Moreover, the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Strickland, 466 U.S. at 689. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" Strickland, 466 U.S. at 694; Hendricks, 974 F.2d at 1109.
 
 
 12
 Upon review of the record, we conclude that Rossell has failed to present any persuasive evidence indicating that the district court committed an error in finding that his claims of ineffective assistance of counsel were meritless. Rossell has not overcome the presumption that the actions he complains of were sound trial strategies. See Strickland, 466 U.S. at 694. Nor has Rossell established that his attorneys' actions were "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 690. Moreover, Rossell has not shown that there is a reasonable probability that, but for his attorneys' conduct, he would not have been convicted. See Strickland, 466 U.S. at 694; Hendricks, 974 F.2d at 1109.
 
 
 13
 Accordingly, because Rossell has failed to present any persuasive evidence indicating that the district court made a manifest error of law or fact, we conclude that the district court did not abuse its discretion in denying Rossell's motion for reconsideration.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 60(b) states that upon a motion, the court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. Fed.R.Civ.P. 60(b)
 
 
 [2]
 Rossell was represented at his preliminary hearing by Ms. Bernal and at trial by Mr. Enriquez