17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James C. STANDLEE, Plaintiff-Appellant,
v.
Angelo DANIELS, Deputy Warden; H. Haley, C/PS; Thomas R.
Sullivan, Defendants-Appellees.
 No. 93-15819.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner James C. Standlee appeals pro se the district court's denial of his motion for reconsideration of the district court's summary judgment for the defendants. Standlee alleged that his civil rights were violated in connection with the reclassification of his custody status and that he was denied access to the prison law library. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 A motion for reconsideration that is not timely under Fed.R.Civ.P. 59(e) may be treated as a motion for relief from the judgment under Fed.R.Civ.P. 60(b). Gould v. Mutual Life Ins. Co., of N.Y., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986); Rodriguez v. Southern Pac. Transp. Co., 587 F.2d 980, 981 (9th Cir.1978). However, an appeal from a denial of a Fed.R.Civ.P. 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). The denial of a Fed.R.Civ.P. 60(b) motion is reviewed for an abuse of discretion, and must be affirmed unless the district court erred in ruling that sufficient grounds for setting aside the judgment were not shown. Rodriguez, 587 F.2d at 981.
 
 
 4
 Standlee contends that the change of his sexual treatment needs score from two to four has made him ineligible for parole at the earliest possible time. This contention lacks merit.
 
 
 5
 In his deposition on 5 March 1992, Standlee admitted that his parole date remained both unchanged and unaffected by the change in his sexual treatment needs score. Thus, the district court properly granted summary judgment for the defendants on this claim. In his motion for reconsideration, Standlee failed to demonstrate that the district court erred in granting the defendants' motion for summary judgment on this claim. Therefore, the district court properly denied Standlee's motion for reconsideration on this claim.[1]
 
 
 6
 Standlee contends that he was denied access to the prison law library when he was placed in protective custody. Standlee argues that the law library was not adequate and that services were not timely. This contention lacks merit.
 
 
 7
 Prisoners are not guaranteed unlimited access to the law library; access may be limited by time, manner, and place regulations. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). If an inmate does not claim a denial of access to adequate law libraries or legal assistance, he must show an actual injury: a specific instance in which he was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 8
 To the extent that Standlee claims that he was denied physical access to the prison law library while he was in protective custody, we conclude that a temporary deprivation of access to the law library did not interfere with Standlee's reasonable access to the courts. See id. (stating that the fact that an inmate must wait to use the library does not necessarily mean that he has been denied meaningful access to the courts). To the extent that Standlee claims that he was denied access to the courts by a delay in services at the library, we conclude that he has not demonstrated that the provision of services was unreasonable. See id. To the extent that Standlee claims he suffered an "actual injury," we conclude that the district court correctly found that he had not demonstrated such an injury. In his deposition, Standlee admitted that the material he needed to prosecute his litigation were not in the prison law library. Thus, the district court properly granted summary judgment for the defendants on this claim. In his motion for reconsideration, Standlee failed to demonstrate that the district court erred in granting the defendants' motion for summary judgment on this claim. Therefore, the district court properly denied Standlee's motion for reconsideration on this claim.
 
 
 9
 Accordingly, Standlee has failed to demonstrate that the district court abused its discretion in denying his motion for reconsideration.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Standlee claims for the first time that he was not given notice or an adequate opportunity to be heard at the reclassification hearing. Because this court generally does not consider issues raised for the first time on appeal, see United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992), we decline to consider this claim