Kevin Dale McQUOWN,
Petitioner-Appellant,

v.

D.J. McCARTNEY, Warden,
Respondent-Appellee.

No. 84–6289.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 1985.*

Decided July 28, 1986.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and Ninth Circuit Rule 3(f).

Robert Burns, Ocean Beach, Cal., for petitioner-appellant.

Peter Quon, Jr., Deputy Atty. Gen., San Diego, Cal., for respondent-appellee.

Before GOODWIN, NELSON, and HALL, Circuit Judges.

PER CURIAM:

Kevin McQuown, a California prisoner, appeals the dismissal of his petition for a writ of habeas corpus for failure to exhaust state remedies. He claims that he exhausted his state remedies by filing with the California Supreme Court a petition for hearing following a California court of appeal's denial of his petition for a writ of habeas corpus. The district court accepted the state's argument that until McQuown petitions the Supreme Court directly for a writ of habeas corpus, he has not exhausted his state remedies as required by *Rose v. Lundy*, 455 U.S. 509, 518–522, 102 S.Ct. 1198, 1203–1205, 71 L.Ed.2d 379 (1982).

In 1980, Kevin McQuown was convicted in California superior court of attempted murder and sentenced to twelve years in prison. McQuown appealed, and the California Court of Appeal, Fourth District, affirmed the conviction. McQuown then filed a petition for hearing in the California Supreme Court, which was denied.

McQuown next began a series of collateral attacks on his conviction in the California courts. He first filed a pro se habeas petition in the San Diego County Superior Court, alleging that his trial violated due process requirements. The superior court denied this petition without an evidentiary hearing. McQuown has not raised these due process claims in any subsequent petitions.

Represented the next time by counsel, McQuown filed a second habeas corpus petition in the San Diego County Superior Court. He raised six claims: (1) ineffective assistance of trial counsel; (2) ineffective waiver of the defense of diminished capacity; (3) ineffective waiver of counsel at sentencing; (4) wrongful deprivation of the right of self-representation; (5) error in convicting and sentencing him for assault with intent to murder rather than for attempted murder; and (6) ineffective assistance of appellate counsel. The superior court denied the petition without an evidentiary hearing.

McQuown subsequently filed a habeas corpus petition in the California Court of Appeal, Second District. He raised issues similar to those raised before the superior court. The claims were worded somewhat differently, but were essentially the same claims rejected by the superior court. The court of appeal denied this petition without a written opinion, but cited three cases.[1] McQuown then applied for a hearing with the California Supreme Court under section 1506 of the California Penal Code. The

---

1. *People v. Fosselman*, 33 Cal.3d 572, 659 P.2d 1144, 189 Cal.Rptr. 855 (1983); *Griggs v. Superior Court*, 16 Cal.3d 341, 546 P.2d 727, 128 Cal. Rptr. 223 (1976); and *In re Swain*, 34 Cal.2d 300, 209 P.2d 793 (1949), *cert. denied*, 342 U.S. 914, 72 S.Ct. 361, 96 L.Ed. 684 (1952). *Fosselman* establishes a standard for effective assistance of counsel and is the only case of the three that relates to the substantive claims McQuown makes. *In re Swain* and *Griggs* set forth the rule that a court should deny a petition for habeas corpus if it contains only conclusory allegations. The state argues that the court of appeal cited these two cases to dismiss the habeas petition on procedural grounds.

petition for hearing raised the same claims McQuown had raised before the court of appeal. On November 9, 1983, the supreme court denied the petition for hearing in a minute order that recited no reasons for the denial or cases upon which the court had relied.

On December 23, 1983, McQuown filed a petition for a writ of habeas corpus in federal court challenging his state conviction. He raised essentially the same six claims he had raised in the California court of appeal. The district court denied the petition on the ground that McQuown had failed to exhaust his state remedies. The district court specifically found failure to exhaust because the state supreme court had denied McQuown's petition for hearing on procedural grounds. The principal issue in this case is whether the state supreme court denied review on the merits, or on a procedural ground.

### Exhaustion

■ A federal court must dismiss a state prisoner's petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b) (1982); *Rose v. Lundy,* 455 U.S. at 522, 102 S.Ct. at 1205. A petitioner may satisfy the exhaustion requirement either by providing the highest state court with an opportunity to rule on the merits of his federal claims or by showing that at the time petitioner filed a habeas petition in federal court, he had no state remedies available and had not deliberately bypassed them. *Batchelor v. Cupp,* 693 F.2d 859, 862 (9th Cir.1982), *cert. denied,* 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983).

In *Harris v. Superior Court,* 500 F.2d 1124 (9th Cir.1974) (en banc), *cert. denied,* 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975), we reviewed the practice of the California Supreme Court to enter a brief order when it denies an original petition for a writ of habeas corpus. Such orders were referred to as "postcard denials." We held that if such a postcard denial includes a citation of authority showing that the petition is procedurally deficient or if the Cali-

fornia Supreme Court states so explicitly, the exhaustion requirement is not satisfied. *Id.* at 1128. We also held, however, that when the California Supreme Court denies a habeas corpus petition without opinion or citation, the exhaustion requirement is satisfied. *Id.* at 1128–29. This latter rule accords with our general presumption that when a state court denies an original habeas petition with no reason given, the state court has had an opportunity to rule upon the merits of the petitioner's claims and has resolved them against the petitioner. *Thompson v. Procunier,* 539 F.2d 26, 28 (9th Cir.1976).

■ The state argues, however, that in *Harris* the petitioner had filed an original habeas petition with the California Supreme Court whereas McQuown had petitioned for hearing following a court of appeal's denial of a habeas petition.

Rule 29(b)(2) of the California Rules of Court provides:

**Rule 29. Grounds for Hearing in Supreme Court**

**(b) [Limitations]** As a matter of policy, on petition for hearing the Supreme Court normally will not consider:

(2) any issue or any material fact that was omitted from or misstated in the opinion of the Court of Appeal, unless the omission or misstatement was called to the attention of the Court of Appeal in a petition for rehearing.

This rule supports the state's argument that because McQuown's habeas case was before the California Supreme Court on a petition for hearing, and because the court of appeal denied the habeas petition on procedural grounds except as to the ineffective assistance claim, as suggested by the cases cited in the court of appeal's opinion, the California Supreme Court's review of the denial was limited to procedural grounds as to those issues. Thus, we have no reason here to assume that the California Supreme Court rejected McQuown's petition for a hearing on the merits.

A denial of a hearing of a court of appeal decision may be taken as an approval of the conclusion there reached, but not necessarily of all the reasoning contained in the opinion. But this denial does not establish that if the court of appeal decides on procedural grounds, the supreme court can expand its consideration to substantive grounds not addressed by the court of appeal. Under the rules of appeal a denial may mean no more than that a ground which the court deems adequate for ordering a hearing has not been brought to its attention.

■■■ The California Supreme Court's summary denial of McQuown's petition for hearing on procedural grounds is not a decision on the merits of his federal claims. If a state court denies a petition for post-conviction relief or a habeas petition on procedural grounds, the exhaustion requirement is not necessarily met. *Sweet v. Cupp,* 640 F.2d 233, 237 (9th Cir.1981); *Harris,* 500 F.2d at 1126. The petitioner may still be able to use available procedures to give the state court a first opportunity to rule on the merits of his federal claims. *Sweet,* 640 F.2d at 237–38; *Harris,* 500 F.2d at 1126. Moreover, we must dismiss a petition if it contains any unexhausted claims. *Rose,* 455 U.S. at 522, 102 S.Ct. at 1205.

The district court correctly construed the record before it as one in which the petitioner had not exhausted his state remedies.

Affirmed.