979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Ian EDMONTON, Petitioner-Appellant,
v.
PEOPLE OF THE STATE OF CALIFORNIA; Robert Borg, Warden of
Folsom State Prison; Daniel E. Lungren, Attorney
General of the State of California,
Respondents-Appellees.
 No. 92-15365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 16, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Edmonton, a California state prisoner, appeals pro se the denial of his application for release on his own recognizance on bail pending his state court appeal.[1] We review de novo the district court's decision on a habeas petition. Desire v. Attorney General of California, No. 91-55334, slip op. 11233, 11237 (9th Cir. Sept. 16, 1992). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.
 
 
 3
 The federal remedy of habeas corpus lies only if an individual is in custody in violation of the federal constitution or other federal laws. 28 U.S.C. § 2254(a). A state prisoner must either exhaust his available remedies in state court before bringing a habeas petition in federal court or have a valid excuse for failing to exhaust. 28 U.S.C. § 2254(b) & (c).
 
 
 4
 Here, Edmonton raises the issue of the state's administration of its bail system with "caprice and discrimination" for the first time in this court. The merits of this claim have not previously been fairly presented to the highest state court with jurisdiction to hear it. Picard v. Connor, 404 U.S. 270 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). We must dismiss a petition for a writ of habeas corpus if it contains unexhausted claims. McQuown v. McCartney, 795 F.2d 807, 810 (9th Cir.1986) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982)). Therefore, the district court properly dismissed this case.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court construed Edmonton's "Ex Parte Application for Release On Own Recognizance Pending State Appeal" as a 28 U.S.C. § 2241 habeas petition and denied it. This court construes the application as a habeas petition pursuant to 28 U.S.C. § 2254 which governs habeas corpus relief for persons in custody pursuant to the judgment of a state court