983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Lydell BELL, Petitioner-Appellant,
v.
Carl ZENON, Respondent-Appellee.
 No. 92-35355.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 15, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Lydell Bell, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. The district court dismissed his petition for failure to show cause and prejudice for procedurally defaulting his right to appeal in state court. We have jurisdiction under 28 U.S.C. § 2254. We review de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and affirm.
 
 
 3
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. § 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. McQuown, 795 F.2d at 809; Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986). However, the petition should not be dismissed for failure to exhaust if the petitioner has no state remedy available when the federal petition is filed. Engle v. Isaac, 456 U.S. 107, 125-26, n. 28 (1982)
 
 
 4
 A petitioner who has failed to timely pursue available state remedies must show cause for the procedural default and prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984). A pro se petitioner's ignorance of state procedures does not constitute cause for a procedural default. Hughes, 800 F.2d at 909.
 
 
 5
 Bell contends that the Oregon Board of Parole violated his due process rights by granting insufficient credit for good time served.[1] Bell has waived this claim by procedural default.
 
 
 6
 Bell has not properly exhausted his state remedies. Oregon law provides a direct appeal to the Court of Appeals from final decisions of the Parole Board. Or.Rev.Stat. § 144.335. Bell concedes that he did not file a direct appeal. However, he contends that he has satisfied the exhaustion requirement by filing a petition for writ of mandamus in the Oregon Supreme Court.
 
 
 7
 The Oregon Supreme Court dismissed Bell's mandamus petition because it was not the proper procedure to challenge a Parole Board decision. A writ of mandamus is not appropriate if the petitioner has a plain, speedy, and adequate remedy at law. Or.Rev.Stat. § 34.110. A direct appeal constitutes such a remedy. State ex. rel. Le Vasseur v. Merten, 686 P.2d 366, 367 (Or.Sup.Ct.1984). Therefore, a petitioner who fails to seek judicial review of a decision of the Parole Board is not entitled to mandamus relief. See Wise v. Hays, 701 P.2d 1054, 1055 (Or.Ct.App.1985). Because Bell did not give the state's highest court an opportunity to rule on the merits of his claim, he has not exhausted his state remedies. Mcquown, 795 F.2d 807, 809; Hughes, 800 F.2d 905, 906.
 
 
 8
 Bell has not shown cause for this procedural default. Bell contends that the procedures for appealing a Parole Board decision "were so confusing to a pro se defendant, so intricate ... that petitioner cannot be expected to choose the correct one or otherwise to comply." Appellant's Brief at 8. However, this court has rejected the argument that a pro se petitioner's inability to understand or comply with appeal procedures constitutes adequate cause to excuse a procedural default. Hughes, 800 F.2d 905, 909. Accordingly, the district court did not err in dismissing Bell's petition for habeas corpus relief. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time Bell was imprisoned, state regulations provided that the Parole Board could reduce a prisoner's term by up to 20% for good time served. In 1988, the regulations were changed to provide a seven month maximum reduction per three month review period. Bell's sentence was reduced by seven months in 1989; he contends that he is entitled to a 20% reduction in sentence, as allowed under the former regulation
 Bell further contends that the Parole Board should have reduced his parole release date for good time served.