12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry WILLIAMS, Petitioner-Appellant,
v.
Roger CRIST, et al., Respondents-Appellees.
 No. 93-15880.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Williams, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. The district court determined that Williams could not show cause and prejudice for failing to present his claims to the Arizona Supreme Court. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm in part, vacate in part, and remand for further proceedings.
 
 Background
 
 3
 Williams was convicted for attempted sexual assault. On direct appeal, his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the single issue of whether the trial court erred by admitting statements that were made in violation of Miranda.[1] This appeal was denied. Williams then filed a petition for post-conviction relief in the trial court pursuant to Ariz.R.Crim.P. 32. In this petition, he raised four issues: (1) the prosecutor committed misconduct in presenting the case to the grand jury, (2) the indictment was duplicitous, (3) the jury was not impartial, and (4) the jury instructions were improper. This petition was dismissed without comment. A subsequent petition for rehearing, and a petition for review to the Arizona Court of Appeals were also denied.
 
 
 4
 In 1988, Williams filed his first federal habeas petition, which was dismissed for failure to exhaust available state remedies. Williams then filed a motion to seek delayed review of his direct appeal and his post-conviction petition in the Arizona Supreme Court. The Arizona Court of Appeals vacated its mandate and Williams filed a petition for review in the Arizona Supreme Court. In this petition, he raised five issues: (1) he did not explicitly waive his Miranda rights, (2) he was not readvised of his Miranda rights prior to questioning, (3) his sentence was cruel and unusual, (4) the prosecutor committed misconduct in presenting the case to the grand jury, and (5) the jury was not impartial. The Supreme Court denied the petition for review.
 
 
 5
 Williams then filed his second federal habeas petition. This petition was also dismissed for failure to exhaust. The district court found that the Arizona Court of Appeals had used only the case number of Wiliams's direct appeal in its order vacating the mandate. The district court held that if the Court of Appeals had intended to deny the motion for delayed review of Williams's post-conviction petition, Williams had not fairly presented his claims to the Arizona Supreme Court and would have to show cause and prejudice for his failure to do so. However, if the Court of Appeals had inadvertently omitted the number of Williams's post-conviction petition and intended to allow delayed review of both actions, Williams's presentation of his claims to the Arizona Supreme Court "will have exhausted his claims and the Federal Court will consider the merits of his exhausted claims."
 
 
 6
 Williams then returned to the Arizona Supreme Court and requested a clarification of its earlier ruling. That Court stated that it had intended to deny review of both Williams's direct appeal and his post-conviction petition, and that the omission of the post-conviction petition case number was inadvertent. Williams then filed the instant petition for habeas corpus, in which he raised the following issues: (1) the prosecutor committed misconduct in presenting the case to the grand jury, (2) the indictment was duplicitous, (3) the jury was not impartial, and (4) the jury instructions were improper. This petition was dismissed on procedural default grounds.
 
 Discussion
 
 7
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. McQuown, 795 F.2d at 809; Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986). A petitioner who failed to raise his claims properly in state court and is now barred from doing so by a state procedural rule has procedurally defaulted on his claims. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). A petitioner who fails to timely pursue available state remedies must show cause for the procedural default and prejudice. Id. at 1380; Reed v. Ross, 468 U.S. 1, 11 (1984).
 
 
 8
 The federal courts may not review a question of federal law presented to a state court if the decision of the state court clearly and expressly relies on an independent and adequate state law ground. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54, 2557 (1991); Harris v. Reed, 489 U.S. 255, 265 (1989).
 
 
 9
 Williams's claims that the indictment was duplicitous and the jury instructions were improper have never been raised before the Arizona Supreme Court. Both were raised in his post-conviction petition for relief, but were not included in the issues presented to the Supreme Court in his petition for late review. Accordingly, these claims have not been properly exhausted. See Hughes, 800 F.2d at 906; McQuown, 795 F.2d at 809. Williams has no available state remedies. See Ariz.R.Crim.P. 32.2 (issues not raised on direct appeal or in first petition for post-conviction relief are waived unless based on newly discovered facts or change in applicable law). Williams conceded in the district court that he could not show cause or prejudice for failing to raise these claims before the Arizona Supreme Court. Accordingly, the district court correctly found these claims barred by Williams's procedural default. See Reed, 468 U.S. at 11; Tacho, 862 F.2d at 1378, 1380.
 
 
 10
 However, Williams's claims that the prosecutor committed misconduct in his presentation of the case to the grand jury and that the jury was not impartial were presented to the Arizona Supreme Court in Williams's petition for delayed review.[2] Accordingly, these claims have been exhausted. See Hughes, 800 F.2d at 906; McQuown, 795 F.2d at 809.
 
 
 11
 Respondents contend that these claims have nonetheless been procedurally defaulted because Williams did not raise them properly in state court. They argue that Williams failed to timely raise his claim of prosecutorial misconduct in a motion for a new determination of probable cause, as required under Ariz.R.Crim.P. 12.9, and also failed to raise the issue on direct appeal. They argue further that Williams failed to raise his claim that the jury was not impartial on direct appeal. However, no state court expressly relied on these alleged deficiencies in denying Williams's claims. Because no state court has clearly and expressly relied on an independent and adequate state ground in denying these claims, they have not been procedurally defaulted. See Coleman, 111 S.Ct. at 2557; Harris, 489 U.S. at 265. Accordingly, the district court erred by failing to consider these claims on the merits.
 
 
 12
 We affirm the district court's denial of Williams's claims that the indictment was duplicitous and that the jury instructions were improper, vacate the district court's denial as to Williams's prosecutorial misconduct and impartial jury claims, and remand so the district court may consider these claims on the merits.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Williams's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 Respondents argue that Williams did not raise his constitutional claim regarding the jury's partiality in his petition for delayed review, because he relied solely on Ariz.Rev.Stat. Sec. 21-221(3). However, we find that Williams has presented "essentially the same arguments" before the Arizona Supreme Court and the district court, and that his claim has therefore been exhausted. See Henry v. Estelle, 993 F.2d 1423, 1427 (9th Cir.1993)