12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert R. MOTEN, Petitioner-Appellant,
v.
Jeffrey HOOD; Attorney General, Respondents-Appellees.
 No. 93-15826.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 15, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Moten, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. The district court determined that Moten had procedurally defaulted on his claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986); McQuown, 795 F.2d at 809. A petitioner who failed to raise his claims properly in state court and is now barred from doing so by a state procedural rule has procedurally defaulted on his claims. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). A petitioner who fails to timely pursue available state remedies must show cause for the procedural default and prejudice. Id. at 1380.
 
 
 4
 The federal courts may not review a question of federal law presented to a state court if the decision of the state court clearly and expressly relies on an independent and adequate state law ground. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54, 2557 (1991); Harris v. Reed, 489 U.S. 255, 265 (1989). If the highest state court does not explain the reason for denying a claim, the federal court must look back to the last reasoned state court decision to determine whether the claim is procedurally barred. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 5
 Moten was convicted of two counts each of armed robbery, aggravated assault, and first degree burglary. He appealed his conviction to the Arizona Court of Appeals, where he contended (1) he was not competent to waive his Miranda[1] rights, and (2) statements that he made prior to receiving his Miranda warnings were erroneously admitted at trial. This appeal was denied. Moten then filed a petition for review in Arizona Supreme Court, based on the same issues. This petition was denied without comment.
 
 
 6
 Moten filed a petition for post-conviction relief in the trial court pursuant to Ariz.R.Crim.P. 32. In this petition, he raised three issues: (1) a juror was coerced into joining the unanimous guilty verdict, (2) his counsel provided ineffective assistance because he failed to tell Moten that he did not have to testify at trial, and (3) his sentence was cruel and unusual. The petition was denied. Moten then petitioned the Arizona Court of Appeals for review. That Court denied the petition, stating: "petitioner has waived the claims raised in his petition for post-conviction relief by failing to raise them on appeal; the claims are, therefore, precluded under Ariz.R.Crim.P. 32.2." A subsequent petition for review to the Arizona Supreme Court was denied without comment.
 
 
 7
 In his federal habeas petition, Moten raised all the claims initially raised in his direct appeal and in his petition for post-conviction relief, and a new claim that his counsel was ineffective for failing to use the defense that witnesses could not identify Moten. The district court determined that only the claims initially raised in Moten's direct appeal had been properly exhausted, that Moten was entitled to no relief on these claims, and that Moten had procedurally defaulted on the remainder of his claims. Moten appeals only the procedurally defaulted claims.
 
 
 8
 Moten's new ineffective assistance of counsel claim has never been raised before any Arizona court. Accordingly, this claim has not been properly exhausted. See Hughes, 800 F.2d at 906; McQuown, 795 F.2d at 809. Moten has no available state remedies. See Ariz.R.Crim.P. 32.2 (issues not raised on direct appeal or in first petition for post-conviction relief are waived unless based on newly discovered facts or change in applicable law). Moten has shown no cause for failing to raise this claim in state court. Accordingly, the district court properly found review of this claim barred by Moten's failure to properly exhaust state remedies. See Tacho, 862 F.2d at 1378, 1380.
 
 
 9
 The claims that Moten initially raised in his post-conviction petition have been raised in the Arizona Supreme Court, which denied them without comment. However, because the Arizona Court of Appeals expressly relied on a state procedural rule in denying Moten's petition, these claims are procedurally barred. See Ylst, 111 S.Ct. at 2594. Moten has shown no cause for his failure to raise these claims on direct appeal. Accordingly, the district court properly found that Moten had procedurally defaulted on these claims. See Coleman, 111 S.Ct. at 2565; Tacho, 862 F.2d at 1378.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)