17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Trueman Leroy CONRAD, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Respondent-Appellee.
 No. 93-35382.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Trueman Leroy Conrad, a Montana state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.[1]
 
 
 3
 On June 23, 1988, Conrad, a citizen of Canada, pleaded guilty to one count of felony assault. Under the plea agreement, Conrad received a ten-year prison sentence, suspended except for one year. The plea agreement specified that, on release from prison, Conrad would be deported to Canada and would be unable to return to the United States until he was no longer an illegal and undesirable alien. Conrad was released from prison on February 1, 1989, and his suspended sentence was reinstated on December 19, 1990, for entering the United States illegally.
 
 
 4
 In his habeas petition, Conrad raised four issues: (1) the prosecution failed to disclose exculpatory evidence; (2) ineffective assistance of counsel; (3) denial of his right to an appeal; and (4) mental incompetence at the time of arrest and trial. The district court determined that the first three claims had not been exhausted, and dismissed the petition. Conrad then moved to amend the petition to include only the exhausted claim of mental incompetence. This amendment was allowed, and the district court found that Conrad had procedurally defaulted this claim.
 
 
 5
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied only if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986); McQuown, 795 F.2d at 809.
 
 
 6
 The federal courts may not review a question of federal law presented to a state court if the decision of the state court clearly and expressly relies on an independent and adequate state law ground. Coleman v. Thompson, 111 S.Ct. 2546, 2553-54, 2557 (1991); Harris v. Reed, 489 U.S. 255, 265 (1989). A petitioner who has defaulted his claims in state court pursuant to an independent and adequate state procedural rule is barred from seeking federal habeas relief unless he can show cause for the default and resulting prejudice. Coleman, 111 S.Ct. at 2565.
 
 
 7
 Conrad's claims regarding the withholding of exculpatory evidence, ineffective assistance of counsel, and denial of the right to appeal have never been raised before the Montana Supreme Court. Accordingly, these claims have not been exhausted, and the district court properly dismissed these claims. See Hughes, 800 F.2d at 906; McQuown, 795 F.2d at 809.
 
 
 8
 Conrad presented his mental incompetence claim to the Montana Supreme Court in a petition for post-conviction relief. Accordingly, this claim has been exhausted. See Hughes, 800 F.2d at 906; McQuown, 795 F.2d at 809. However, the Montana Supreme Court expressly stated that the claim was procedurally barred because Conrad failed to pursue a direct appeal of the revocation of his suspended sentence. Accordingly, the district court properly found that this claim has been procedurally defaulted. See Coleman, 111 S.Ct. at 2553-54, 2557; Harris, 489 U.S. at 265. Conrad's ignorance of state procedures does not establish cause for this procedural default. See Hughes, 800 F.2d at 909. Because Conrad failed to establish cause and prejudice, the district court properly denied his habeas petition. See Coleman, 111 S.Ct. at 2565.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a preliminary matter, we decline to consider the claims raised by Conrad in his appellate brief. These claims were not included in his habeas petition and were not presented to the district court. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987). However, despite Conrad's failure to address the district court's ruling in his brief, we find that, liberally construed, Conrad is attempting to appeal the judgment against him. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). Accordingly, we will address the propriety of the district court's judgment