19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darren Cleo HAYSE, Petitioner-Appellant,
v.
George BALDWIN, Respondent-Appellee.
 No. 93-35556.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 3, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darren Cleo Hayse, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Hayse contends that there was insufficient evidence to sentence him under the Oregon Dangerous Offender Statute. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and we vacate and remand to the district court.
 
 
 3
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986); McQuown, 795 F.2d at 809. A claim has been fairly presented if the petitioner has described the operative facts and legal theory on which the claim is based. Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 
 4
 Hayse contends that there was insufficient evidence for the trial court's finding that he was a dangerous offender for purposes of Oregon sentencing law. See Or.Rev.Stat. Secs. 161.725, 161.735. In particular, he argues that the prosecution's psychiatrist testified at trial that Hayse had only a moderate personality disorder, then testified at the presentence hearing that Hayse had a severe personality disorder.
 
 
 5
 In support of this contention, Hayse argues that he was denied a transcript of the prosecution psychiatrist's trial testimony to use for impeachment at the presentence hearing. The district court found that Hayse failed to exhaust this claim. We find, however, that Hayse presented this claim adequately in his state court briefs. See Tamapua, 796 F.2d at 262. Accordingly, we remand this case to the district court to consider whether denial of a transcript of the prosecution psychiatrist's trial testimony rendered the state presentence proceeding so fundamentally unfair as to violate due process.[1] We express no opinion as to the merits of this claim.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Errors in applying state sentencing law are generally not cognizable in federal habeas corpus proceedings. Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989). A petitioner's due process rights have been violated only if the trial court's error rendered the state proceeding fundamentally unfair. Jammal v. Van De Kamp, 926 F.2d 918, 920 (9th Cir.1991)