24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ricky Kurt WASSENAAR, Petitioner-Appellant,
v.
Samuel LEWIS, Respondent-Appellee.
 No. 93-17349.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricky Kurt Wassenaar, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. The district court determined that Wassenaar had procedurally defaulted on his claim of ineffective assistance of appellate counsel. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. McQuown, 795 F.2d at 809; Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir.1986). Submitting a new claim to a state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation. Castille v. Peoples, 489 U.S. 346, 351 (1988).
 
 
 4
 A petitioner who failed to raise his claims properly in state court and is now barred from doing so by a state procedural rule has procedurally defaulted on his claims. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). A petitioner who fails to timely pursue available state remedies must show cause for the procedural default and prejudice. Id. at 1380; Reed v. Ross, 468 U.S. 1, 11 (1984).
 
 
 5
 Wassenaar was convicted of armed robbery and aggravated assault. He appealed his conviction and filed a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32. These appeals were consolidated and denied by the Arizona Court of Appeals. A petition for review to the Arizona Supreme Court was also denied.
 
 
 6
 Wassenaar then filed a motion to recall the mandate in the Arizona Supreme Court, arguing for the first time that his counsel on appeal had rendered ineffective assistance by failing to raise the issues that Wassenaar felt would be meritorious. This motion was denied. Wassenaar filed a second petition for post-conviction relief, contending that appellate counsel had rendered ineffective assistance in litigating the first petition for post-conviction relief. This petition was denied, and the denial was affirmed by the Arizona Court of Appeals. Wassenaar never petitioned the Arizona Supreme Court for review.
 
 
 7
 In his federal habeas corpus petition, Wassenaar contends that he received ineffective assistance of counsel on appeal. However, because Wassenaar did not petition the Arizona Supreme Court for review of his second petition for post-conviction relief, he has not properly presented this claim to the state's highest court. See Hughes, 800 F.2d at 906; McQuown, 795 F.2d at 809. Raising this claim for the first time in a motion to recall the mandate does not constitute fair presentation. See Castille, 489 U.S. at 351.
 
 
 8
 Because Wassenaar has already filed two petitions for post-conviction relief, he no longer has any available state remedies. See Ariz.R.Crim.P. 32.2 (issues not raised on direct appeal or in first petition for post-conviction relief are waived unless based on newly discovered facts or change in applicable law). Accordingly, he has procedurally defaulted on this claim. See Tacho, 862 F.2d at 1378. Petitioner has not demonstrated cause for his procedural default.[1] Accordingly, the district court properly dismissed his petition. See id. at 1380, Reed, 468 U.S. at 11.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his appellate brief, Wassenaar argues that he did not deliberately bypass available state remedies, and so should be excused for his procedural default. However, this standard is no longer applicable. See Hughes, 800 F.2d at 907 (pro se litigant must show cause and prejudice for failing to appeal a dismissal of post-conviction relief to the state supreme court)
 
 
 [2]
 Wassenaar contends that he is entitled to habeas relief because the constitutional violations he raises "probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1982). However, Wassenaar has submitted no evidence in support of his innocence "other than the evidence he presented to the jury that convicted him." Noltie v. Peterson, 9 F.3d 802, 806 (9th Cir.1993). Furthermore, it is difficult to understand how the ineffective assistance of appellate counsel could have led to his conviction in the first instance