37 F.3d 1508
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edward F. WILLS, Petitioner-Appellant,
v.
George DEEDS, Warden, Respondent-Appellee.
 No. 91-16902.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1992.
Submission withdrawn Nov. 20, 1992.
Resubmitted Dec. 8, 1993.
Decided Sept. 23, 1994.
 
 Before: SCHROEDER, NORRIS, and BRUNETTI, Circuit Judges
 MEMORANDUM*
 BACKGROUND
 Wills was convicted in 1976 on two counts of murder. On direct appeal, he challenged the sufficiency of the evidence to sustain the indictment and the conviction. In 1977, the Nevada Supreme Court affirmed the conviction.
 In 1983, Wills filed his first state habeas petition, which included for the first time an allegation that two of his jury instructions violated Sandstrom v. Montana, 442 U.S. 510 (1979), by improperly shifting the burden of proof on the element of intent from the prosecution to the defense. Sandstrom was decided two years after Wills had finished his direct appeal. The Nevada state district court denied the petition, ruling that Will had waived his Sandstrom claim by failing to raise it on direct appeal. Wills then appealed the denial of his petition to the Nevada Supreme Court, but his attorney did not include the Sandstrom claim in the appeal. In 1986, the Nevada Supreme Court affirmed the denial of Wills' petition.
 In 1987, Wills filed his first federal habeas petition, but did not include his Sandstrom claim. We affirmed the district court's denial of the petition.
 In 1989, Wills filed a second state habeas petition, which did raise the Sandstrom claim. Wills filed this petition directly with the Nevada Supreme Court, which dismissed the petition without prejudice, stating that petitioner could file his petition in the state district court and could then appeal an adverse ruling to the state supreme court.
 Rather than filing his petition in the appropriate state district court, Wills filed a second federal habeas petition, raising the Sandstrom claim and an ineffective assistance claim based on his counsel's failure to appeal the Sandstrom claim to the Nevada Supreme Court in his first state habeas petition. The federal district court adopted the U.S. magistrate's recommendation that the second federal petition constituted an abuse of the writ because Wills had not shown cause and prejudice for his failure to raise the Sandstrom issue in his first federal habeas petition. See McCleskey v. Zant, 499 U.S. 467 (1991).
 DISCUSSION
 This case involves a number of complex and significant procedural questions and substantive legal and factual issues. These include whether Wills' Sandstrom claim is procedurally barred due to his failure to raise it on direct appeal; whether Sandstrom applies retroactively under Teague v. Lane, 489 U.S. 288 (1989); whether the challenged jury instructions violate Sandstrom; and whether the failure of Wills' counsel to appeal the Sandstrom claim to the Nevada Supreme Court amounts to ineffective assistance of counsel. However, we decline to reach these issues because we hold that Wills has failed to exhaust his state remedies.
 Habeas corpus litigants must exhaust all available state remedies before their petition can be heard in federal court. 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 518-22 (1982); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). This requirement is a matter of comity. Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir.1981).
 A petitioner has exhausted state remedies if he has presented his claim to the highest state court and that court has disposed of the claim on the merits, or if state remedies are unavailable or inadequate. See McQuown, 795 F.2d at 809. There has been no exhaustion in this case. Here, the Nevada Supreme Court carefully avoided reaching the merits of Wills' second state habeas petition by dismissing it without prejudice so that he could file it in the appropriate state district court.
 Wills himself concedes that he has not "technically 'exhausted' " his claims. Wills Supp.Br. at 23. He argues, however, that interests of futility, comity, and federalism would be best served if we reach the merits of his claims. See Granberry v. Greer, 481 U.S. 129, 135 (1987). We disagree. Interests of comity and federalism tip sharply in favor of returning this petition to the Nevada courts so that Wills can follow the dictates of the Nevada Supreme Court and file his petition in the appropriate state district court.[1]
 Accordingly, we reverse the district court's order denying Wills' petition as an abuse of the writ and remand this case to the district court with instructions to dismiss the petition for failing to exhaust state remedies.
 REVERSED AND REMANDED.
 
 BRUNETTI, Circuit Judge, dissenting:
 
 1
 I believe that the district court correctly dismissed Wills' petition for habeas corpus as an abuse of the writ. Petitioner has presented absolutely nothing to suggest that he could satisfy the cause and prejudice standard of McCleskey v. Zant, 499 U.S. 467, 493 (1991), so as to excuse his failure to raise this Sandstrom claim in his first federal habeas petition. The majority's approach to this case sidesteps the Supreme Court's clear direction in McCleskey, 499 U.S. at 486-96, and could permit Wills to raise his meritless claim in yet another federal habeas proceeding. See Campbell v. Blodgett, 997 F.2d 512, 519-20 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994).
 
 
 2
 Even if the state of 9th Circuit law at the time of Wills' first federal habeas petition in 1987, see Tannehill v. Fitzharris, 451 F.2d 1322, 1323 (9th Cir.1971), but see Campbell, 997 F.2d at 520 & n. 5 (rule of McCleskey applies to pending habeas petitions); Harris v. Vasquez, 949 F.2d 1497, 1512 (9th Cir.1990) (as amended) (same), cert. denied, 112 S.Ct. 1275 (1992), sufficed to remove Wills from the confines of McCleskey, I believe he would still have abused the writ by bringing his perennially unexhausted Sandstrom claim in a second federal habeas petition. Wills cannot have it both ways; his failure to exhaust this claim cannot constitute cause for its absence from his first petition without creating a penalty for his waste of the federal courts' time on this second petition when he has still failed to pursue his state remedies.
 
 
 3
 The majority notes that the state has failed to raise and thus may have waived a non-exhaustion objection to Wills' second petition, and then looks to Granberry v. Greer, 481 U.S. 129 (1987), as justification for dismissing the petition without prejudice. Yet Granberry did not involve a successive petition. While resort to equitable principles such as waiver is certainly appropriate in habeas corpus, see Sanders v. United States, 373 U.S. 1, 17-18 (1963), among those principles is the notion that "a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." Id. (internal quotation and citation omitted). As the Court continued in Sanders, "[n]othing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation." I thus believe that we should affirm the district court.
 
 
 4
 Moreover, given the frailty of Wills' Sandstrom claim in the face of Teague v. Lane, 498 U.S. 288 (1989), Granberry's focus on serving "the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts," 481 U.S. at 135, at least counsels us to dismiss Wills' petition on substantive grounds. Wills has played hopscotch with the habeas corpus process, preventing the state judgment from achieving the finality that is "[o]ne of the law's very objects." McCleskey, 499 U.S. at 491. We should put a speedy end to his abuse of the courts' scarce resources and the concomitant frustration of both the state's sovereign power to punish Wills for his crimes and its good-faith attempts to honor his constitutional rights. Id.
 
 
 5
 I must respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For this reason, we dismiss this petition without prejudice despite the State's failure to raise a non-exhaustion objection in its motion to dismiss this petition. See Granberry, 481 U.S. at 134-35 (federal court has discretion, for reasons of "comity and judicial efficiency," to "insist on complete exhaustion" even if the State has neglected to raise a non-exhaustion defense in its answer to the petition)