46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arturo M. BOWMANE, Plaintiff-Appellant,
v.
Vince G. SWINNEY; Justice Court; Dorothy Nash Holmes; Jo Ann
Wilson; Judicial District Court, Defendants-Appellees.
 No. 94-15285.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arturo M. Bowmane, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against state court judges, a prosecutor, and public defender. Judgment was entered after the district court dismissed Bowmane's amended complaint as frivolous under 28 U.S.C. Sec. 1915(d), and Bowmane failed to take advantage of the opportunity to file a second amended complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Section 1915(d) authorizes a federal district court to dismiss an action filed in forma pauperis if the court is satisfied that the action is frivolous. A complaint is frivolous where it lacks an arguable basis in either law or fact. Denton, 112 S. Ct. at 1733; Neitzke v. Williams, 490 U.S. 319, 325 (1989). A finding of legal frivolousness is appropriate when none of the legal points are arguable on the merits. Neitzke, 490 U.S. at 325.
 
 
 4
 Bowmane contends that the district court erred by dismissing his claims against all four defendants. This contention lacks merit.
 
 
 5
 We may affirm the district court judgment on any basis in the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993). In order to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Sec. 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994) (footnote omitted).
 
 
 6
 In his amended complaint, Bowmane alleged that a district attorney, public defender, and unnamed Nevada state court judges violated his constitutional rights in various ways in connection with their participation in state criminal proceedings against him. Among other things, Bowmane alleged that he was denied a lawful arraignment and preliminary hearing and that the defendants improperly modified his plea bargain agreement. Thus, Bowmane is seeking to recover damages for conduct which if proven true, would invalidate his conviction. His conviction has not been invalidated. Therefore, he cannot state a cognizable Sec. 1983 claim for damages based on the challenged conduct of the district attorney, public defender, and state court judges. See id. at 2373. For the same reasons his claim for declaratory relief must fail. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).[1]
 
 
 7
 Moreover, the district court correctly dismissed Bowmane's claims against the public defender because she was not acting under color of state law when serving as Bowmane's counsel, and therefore cannot be held liable under Sec. 1983. See Polk County v. Dobson, 454 U.S. 312, 325 (1981). Bowmane's conclusory allegations of the public defender's conspiracy with other state officials are insufficient to state a claim under color of state law against the public defender. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
 
 
 8
 Finally, the district court correctly dismissed Bowmane's claim against the sheriff because it could not determine whether the claim was barred by the statute of limitations. Nevada has a two-year statute of limitations for Sec. 1983 actions, see Owens v. Okure, 488 U.S. 235 (1989); Nev. Rev. Stat. Sec. 11.190(4)(e). Bowmane alleged in his amended complaint filed on June 10, 1993, that the sheriff at the jail where he awaited trial on then pending criminal charges deprived him of access to a law library. Bowmande further alleged that the denial of access occurred during the same general periods in 1986 and 1992 when all the unlawful acts alleged in his complaint occurred. In its orders dismissing Bowmane's complaint and refusing to file his amended complaint, the district court instructed Bowmane to specify the dates of any civil rights violations by the sheriff, including any denial of access to a law library. In the absence of specific dates on which any denial of access occurred, the district court could not determine whether Bowmane's claim against the sheriff was barred by the applicable statute of limitations.
 
 
 9
 Because Bowmane's claims were frivolous, the district court did not err by dismissing his action under Sec. 1915(d). See Neitzke, 490 U.S. at 325.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court should have construed Bowmane's claims against the district attorney, public defender, and state court judges as a petition for a writ of habeas corpus. See Franklin v. Oregon, 662 F.2d 1337, 1347-48 & n. 13 (9th Cir. 1981). Because Bowmane challenges the fact of his confinement and seeks a determination that he is entitled to immediate release from prison, his sole federal remedy is a writ of habeas corpus. See Preiser, 411 U.S. at 500. A remand to the district court is not necessary, however, because from the face of Bowmane's complaint, it is clear that he has not exhausted available state remedies and therefore a federal habeas claim is premature. See 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986) (per curiam). Bowmane's complaint expressly states that he has not filed a lawsuit in state court