94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirzadi KASHNNEJAD, Petitioner-Appellant,
v.
Michael T. PICKETT, Warden; James Gomez; Attorney General
for the State of California, Respondents-Appellees.
 No. 95-16751.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shirzadi Kashnnejad appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. We review de novo a district court's decision on a section 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Kashnnejad contends that the district court erred by dismissing his section 2254 petition on exhaustion grounds because he presented his claims to the California Supreme Court. We disagree.
 
 
 4
 Generally, a federal court will consider the merits of a state prisoner's habeas corpus petition only after the prisoner has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 515 (1982); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir.1996). If state remedies have not been exhausted, the district court may dismiss the petition. Rose at 510. The exhaustion requirement is not satisfied when the petitioner's claims are presented in a procedurally deficient manner. Castille v. Peoples, 489 U.S. 346, 351 (1989). Exhaustion requires that the petitioner's claims be fairly presented to provide the state courts with an opportunity to rule on the merits of the claims. McQuoun v. McCartney, 795 F.2d 807, 809 (9th Cir.1986).
 
 
 5
 Here, Kashnnejad raised a due process and equal protection claim in his habeas petition to the district court. However, the record demonstrates that the California Supreme Court declined to reach the merits of Kashnnejad's claims because he failed to comply with California procedural requirements. See McQuoun, 795 F.2d at 809. Because it appears that Kashnnejad still has available state remedies, the district court properly dismissed Kashnnejad's section 2254 petition on exhaustion grounds. See Castille, 489 U.S. at 351; Rose, 455 U.S. at 515.
 
 
 6
 Because we affirm the dismissal of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3