103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Asmar H. SALEEM, aka Clarence Eugene Jones, Petitioner-Appellant,
v.
S.F. THOMPSON, Respondent-Appellee.
 No. 96-35435.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Asmar H. Saleem appeals pro se the district court's dismissal for failure to exhaust state remedies of his 28 U.S.C. § 2254 habeas petition challenging the Oregon Board of Parole's rescission of his parole release date. We review de novo a district court's decision on a section 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. § 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). The exhaustion requirement is satisfied if the petitioner has given the state's highest court an opportunity to rule on the merits of his claims. McQuown, 795 F.2d at 809. However, the petition should not be dismissed for failure to exhaust if the petitioner has no state remedy available when the federal petition is filed. Engle v. Isaac, 456 U.S. 107, 125-26, n. 28 (1982).
 
 
 4
 Saleem has not properly exhausted his state remedies. Oregon law provides a direct appeal to the Court of Appeals from final decisions of the Parole Board. Or.Rev.Stat. § 144.335. Saleem concedes that he has not completed the state appeals from the Parole Board's decision. However, he contends that he has satisfied the exhaustion requirement by filing a petition for a writ of mandamus in the Oregon Supreme Court. A writ of mandamus is not appropriate if the petitioner has a plain, speedy, and adequate remedy at law. Or.Rev.Stat. § 34.110. Thus, a petitioner who fails to complete judicial review of a decision of the Parole Board is not entitled to mandamus relief. See Wise v. Hays, 701 P.2d 1054, 1055 (Or.Ct.App.1985) (mandamus cannot be used as substitute for direct judicial review of Parole Board's decision setting parole release date). Because Saleem did not give the state's highest court an opportunity to rule on the merits of his claim, he has not exhausted his state remedies. McQuown, 795 F.2d at 809.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3